515 P.2d 441

The STATE of Utah, Plaintiff and Respondent,

v.

Teddy Lee LYBERT and Ruben Gonzales, Defendants and Appellants.

No. 13352.

Supreme Court of Utah.

Oct. 23, 1973.

Bruce C. Lubeck, of Salt Lake Legal Defenders Assn., Salt Lake City, for defendants-appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The defendant and one Teddy Lybert were found guilty of the crime of burglary in the second degree. Thereafter the defendant was sentenced to serve a term in the Utah State Prison. From the verdict and the judgment of the court, the defendant appealed.

On January 13, 1973, Virgie Ellerman left her apartment in Salt Lake City, and upon her return she found the doorknob had been broken off, and the apartment showed evidence of being ransacked. Some items of furniture and appliances had been stacked near the entrance and the legs had been removed from the television set. A pearl ring in a ring box was missing from the apartment. Other tenants in the building heard noises coming from the Ellerman apartment, and the defendant and appellant here was observed coming down the stairs. Lybert was also observed in the vicinity of the apartment and he was also seen in the automobile driven by the appellant. A police officer apprehended the two men in the vicinity of the apartment and they were taken to the City Jail. At the Jail, a ring identified as that belonging to Mrs. Ellerman was retrieved from the defendant.

Prior to trial the defendant, Gonzales, and the codefendant Lybert moved the court to sever and to grant separate trials. The motion to sever was denied. At the trial each defendant elected not to testify. Out of the presence of the jury, Gonzales called Lybert as a witness but Lybert refused to testify on the grounds that his testimony might tend to incriminate him. The court refused to permit Gonzales to call Lybert in the presence of the jury and to have Lybert claim his constitutional privilege to remain silent.

■ The defendant is here seeking a reversal on two grounds, namely: (1) that the court below committed prejudicial error in failing to grant the motion to sever; and (2) in refusing to permit him to call the codefendant as a witness in the presence of the jury. As to the defendant's first claim, defendant's motion to sever is governed by the provisions of Section 77–31–6, U.C.A.1953, which provides:

When two or more defendants are jointly charged with any offense, whether felony or misdemeanor, they shall be tried jointly, unless the court in its discretion on the motion of the prosecuting attorney or any defendant orders separate trials.

The plain language above quoted makes it discretionary with the trial court to grant or to deny the motion to sever, and this court will not interfere unless an abuse of discretion is shown.[1] The record in this case is devoid of anything that would tend to show an abuse of discretion on the part of the trial court.

■ As to the defendant's second claimed error, he contends that the court's refusal to permit him to call the codefendant as a witness in the presence of the jury deprived him of his right to compulsory attendance of witnesses. The defendant further claims that even though the codefendant outside of the presence of the jury had claimed his privilege to remain silent, nevertheless he was entitled to have such inferences as may arise in the minds of the jury from the calling of the witness and his claiming the privilege. Under the facts of this case and the two defendants having each declined to testify, we must conclude there is no merit in this contention.

After a consideration of the record we discern no basis to reverse the verdict and judgment of the court below, and the same are affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

I. State v. Miller, 111 Utah 255, 177 P.2d 727; State v. Rivenburgh, 11 Utah 2d 95, 355 P.2d 689.