517 P.2d 1322

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Jeffery Lynn HODGES, Defendant and Appellant.**

**No. 13266.**

Supreme Court of Utah.

Jan. 7, 1974.

---

1. Crystal Lime & Cement Co. v. Robbins, 8 Utah 2d 389, 335 P.2d 624; Thompson Ditch Co. v. Jackson, 29 Utah 2d 259, 508 P.2d 528.

Rita G. James, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Jeffrey Lynn Hodges seeks to reverse his convictions by a jury of the crimes of robbery and assault with a deadly weapon committed at the Egyptian Theater in Ogden on the night of May 12, 1972. His contention is that the prosecuting attorney improperly asked questions concerning his involvement in another crime which so prejudiced the jury against him that he was deprived of a fair trial.

On the evening mentioned a man (later identified as the defendant) approached the cashier's cage of the theater, pulled a pistol out of a sack and demanded the money. The cashier, Carolyn Todd, complied with the demand and turned over about $138. As the man fled, the assistant manager, Mr. Gary Wall, came out of the theater and gave chase. He followed the man through a department store and into an alley, when he turned and fired the pistol at Mr. Wall. Quite understandably, this discouraged Mr. Wall from the pursuit.

Ronald Greenwood, an off-duty police officer who had observed the two men running and heard the shot, came to his assistance. The officer saw the defendant get into a "small white car" and drive away. Pursuant to communication with, and the aid of other police officers, the defendant was within a few minutes apprehended in that car. He had therein what appeared to be the same money, in specie and amount, that had been taken from the

theater, and the gun (a .22 pistol) in a sack. He was arrested and taken back to the theater where he was identified by Mr. Wall and Miss Todd.

The defendant testified in his own behalf. It was in effect an elsewhere alibi: that he had been with friends at a local bar at the time of the incident. Further: that he had loaned his car, (the little white car) to a friend who had it during that time. In cross-examining him the prosecutor asked him about his using the gun before. The particular question about which the defendant complains was:

> Isn't it true, Mr. Hodges, that you have used that gun before and that you have used that gun to rob a Nancy Wilkinson at the Frosty Bear one month before?

Defense counsel stated:

> Your Honor, I object to this as an attempt to bring in evidence, I suppose to bring in matters, not before this court, not being tried here today, matters which have not been resolved, matters which the State apparently doesn't want to resolve.

The court sustained the objection. However, on the basis of the foregoing incident, in the court's chamber, defense counsel made a motion for a mistrial, arguing that the improper asking of the question, even without an answer, had cast such aspersions upon the defendant that they could not be removed by sustaining the objection, nor by cautionary instruction. Defendant makes that same argument on this appeal.

The asking of the question about which the defendant complains, and to which the trial court very properly sustained the objection, is certainly not to be commended; and we are made to wonder why the prosecuting attorney would ask it. Nevertheless, the processes of justice should not be distorted simply for the purpose of censuring a mistake.[1] The critical inquiry should be whether there is a reasonable likelihood that the incident so prejudiced the jury that in its absence there might have been a different result. Due to his advantaged position and consistent with his responsibilites as the authority in charge of the trial, the inquiry is necessarily addressed to the sound discretion of the trial court. He should view such an episode in the light of the total proceeding,[2] and if he thinks that there has been such prejudice that there is a reasonable probability that the defendant cannot have a fair and impartial determination of his guilt or innocence, he should of course

---

1. Reminiscent of Justice Cardozo's classic remark that: "A felon should not go free because a constable has blundered."

2. See State v. Kelback et al., 23 Utah 2d 231, 461 P.2d 297, where a police officer made an ill-advised remark, but it was held not to be prejudicial error.

grant a mistrial. But inasmuch as this is his primary responsibility, when he has given due consideration and ruled upon the matter, this court on review should not upset his ruling unless it clearly appears that he has abused his discretion.

The defendant cites and places reliance on the cases of State v. Dickson,[3] and State v. Kazda.[4] There this court reversed convictions because the prosecution had injected testimony concerning the defendant being implicated in other crimes, and where 'it appeared that the main purpose and effect was to disgrace the defendant in the minds of the jury. There is an important difference between those cases and this one. Here there was no such evidence, because the court sustained the objection. It is conceivable that under some circumstances the asking of improper questions might by suggestion or innuendo have the effect the defendant contends. Yet if our rules were based on such an assumption, there would be little need or incentive for the trial court to rule correctly on objections.

In the absence of the appearance of something persuasive to the contrary, we assume that the jurors were conscientious in performing to their duty, and that they followed the instructions of the court. In addition to making the correct ruling as above stated, the trial judge followed what we think is the well advised policy of not overemphasizing the matter by discussing it in the presence of the jury. He allowed the motion to be made, and stated his ruling thereon, in chambers. Then he included the following instruction to the jury:

> You should consider the evidence all together, fairly, impartially, and conscientiously. You should arrive at your verdict *solely upon the evidence introduced* before you at the trial and upon the instructions of the court. You should not consider or be influenced by any evidence offered and not admitted by the court, nor any evidence stricken out by the court. [Emphasis added.]

█ Upon the basis of the circumstances as shown by this record as herein recounted, we are not persuaded that the trial court was mistaken in concluding that there was no sufficient basis for believing that the defendant had been deprived of a fair trial and a just result. Supportive of this conclusion is what we regard to be the sound and salutary policy of our law: that there should be no reversal of a conviction merely because of error or irregularity, but only if it is substantial and prejudicial in the sense that in its absence there is a rea-

3. State v. Dickson, 12 Utah 2d 8, 361 P.2d 412.

4. State v. Kazda, 14 Utah 2d 266, 383 P.2d 407 (1963).

sonable likelihood that there would have been a different result.[5]

Affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

---

5. Sec. 77–42–1, U.C.A. (1953), requires that errors which do not affect the essential rights of the parties be disregarded. See State v. Scandrett, 24 Utah 2d 202, 468 P.2d 639 (1970), citing Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, to the effect that there should be no reversal if it appears beyond a reasonable doubt that the error was not thus prejudicial.