**The STATE of Utah, Plaintiff and Respondent,**

v.

**Teddy Lee LYBERT and Ruben Gonzales, Defendants and Appellants.**

**No. 13352.**

Supreme Court of Utah.

March 18, 1974.

Bruce C. Lubeck, F. John Hill, of Salt Lake Legal Defender Ass'n, Salt Lake City, for defendants and appellants.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, Earl F. Dorius, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant and one Ruben Gonzales were convicted of the crime of burglary in the second degree.[1] Gonzales' conviction was affirmed by this court.[2]

On this appeal, Lybert maintains that the trial court erred in (1) holding that the arrest of defendant was lawful as well as the search of the vehicle in which he was riding and (2) that the court erred in not disqualifying State employees from sitting on the jury.[3]

As to (1) we hold that the arrest and search were proper. Apartment neighbors of the victim observed two men entering and leaving her apartment, whom they later identified as Lybert and Gonzales. Upon leaving the apartment house the two men got into an automobile and proceeded up an alley. About this time a police officer, in response to a dispatch call, arrived at the scene and was told by the witnesses where the automobile had gone. One of the witnesses informed the officer that the car was a "Thunderbird." The officer drove up the alley and saw a "Thunderbird" with two men in it. He stopped the car, ordered the men out, placed them under arrest (after witnesses had identified them) and then proceeded to search the automobile, discovering items connected with the burglary.

The arrest by the officer was reasonable and proper [4] and so was the search.[5]

---

1. 76-9-3, U.C.A.1953.

2. State v. Lybert and Gonzales, 30 Utah 2d 180, 515 P.2d 441 (1973). The opinion in this case sets forth the circumstances of the crime.

3. 77-30-19, U.C.A.1953.

4. 77-13-3(4), U.C.A.1953; State v. Eastmond, 28 Utah 2d 129, 499 P.2d 276 (1972).

5. State v. Louden, 15 Utah 2d 64, 387 P.2d 240 (1963).

As for (2), this issue is patently without merit.[6]

Affirmed.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

6. See United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78 (1936).