**STATE of Utah in the Interest of
Lawrence Vernon McELHANEY,
Appellant.**

**No. 15380.**

Supreme Court of Utah.

April 24, 1978.

Marilyn B. Lema of Gale, Havas & Lema, Ogden, for appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for respondent.

MAUGHAN, Justice:

Defendant appeals from a judgment of the Juvenile Court which found him guilty of aggravated assault in violation of Sec. 76-5-103(1)(b).[1] We affirm.

The charge of aggravated assault arose from an incident occurring on the night of May 12, 1977. On that night, several teenage boys, including the defendant and the victim, Robert Derbidge, with a keg of beer in their possession went in an automobile to a place outside of Moab along the Colorado River. It appears they all consumed beer from the keg en route. Upon their arrival around midnight, they started a fire which apparently provided light sufficient to afford a view of the ensuing events. Shortly thereafter, defendant suddenly and without provocation either threw or swung a glass from which he had been drinking, striking Derbidge in the face and causing severe lacerations.

At trial, defendant contended he threw the glass in an attempt to break it against the side of a nearby cliff, and was unaware of Derbidge standing in its path. Other evidence tended to show the defendant and Derbidge stood quite close together, that it had been the plan of defendant and the others to take Derbidge to the river to "overhaul" him. There had been a verbal encounter between defendant and Derbidge some months earlier wherein Derbidge had threatened to "pull [defendant's] heart out."

On appeal defendant alleges the evidence presented at trial was insufficient to sustain the judgment of the trial court under 76-5-103.[2] Under 76-5-103(1)(a) the prosecution must prove the defendant intentionally caused serious bodily injury to another,[3] but under 76-5-103(1)(b) no culpable mental state is specified and thus under 76-2-102 "intent, knowledge, or recklessness shall suffice to establish criminal responsibility." 76-2-103(3) states a person engages in conduct recklessly:

> . . . with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and

---

1. U.C.A.1953, as enacted 1977. All statutory references are to U.C.A.1953.

2. (1) A person commits aggravated assault if he commits assault as defined in section 76-5-102 and:

     (a) He intentionally causes serious bodily injury to another; or

     (b) He uses a deadly weapon or such means or force likely to produce death or serious bodily injury.

3. See *State in Interest of Besendorfer*, Utah, 568 P.2d 742 (1977).

unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Therefore, the prosecution needed only to prove defendant assaulted[4] complainant, and did so recklessly using such means or force likely to produce "serious bodily injury."[5] We cannot say the evidence is found to be so lacking and insubstantial, reasonable men could not have reached a verdict beyond a reasonable doubt.[6] The trial court, under the facts presented, properly found defendant acted recklessly; by throwing the glass and the glass could be a "means likely to produce . . . serious bodily injury."[7]

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

4.  76–5–102 as required under 76–5–103(1).

5.  76–1–601(9).

6.  *State v. Logan,* Utah, 563 P.2d 811, 813 (1977); *State v. Romero,* Utah, 554 P.2d 216 (1976).

