STATE of Utah, Plaintiff and Respondent,

v.

Roy J. TIPPETTS, Defendant and Appellant.

No. 15512.

Supreme Court of Utah.

Sept. 15, 1978.

Salt Lake Legal Defender Assoc., Walter F. Bugden, Jr., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, William W. Barrett, Asst. Attys.

3. *Whitcome v. Dept. of Emp. Sec., Ind. Comm.,* Utah, 563 P.2d 807 (1977).

Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

PER CURIAM:

The defendant appeals seeking a reversal of his conviction of robbery, a felony of the second degree.

This matter was tried in the District Court of Utah County. At the commencement of the trial, counsel for the co-defendant, Henry Lopez, was ill and unable to attend the trial. The court asked Lopez if he desired Tippetts' attorney to defend him as well as Tippetts. The attorney Mr. Michael D. Esplin, stated to the court that he knew of no conflict which might prevent his defending both. Esplin had represented both Tippetts and Lopez at the preliminary hearing. The court offered to continue the Lopez case for a time not to exceed 20 days if Lopez desired a continuance. Lopez elected to proceed to trial with Esplin representing both defendants.

The trial proceeded and the state called witnesses who were present at the time and place of the robbery and also a police officer who later stopped the automobile in which the defendants were riding with two other men. A sum of money was found in the automobile but no weapon.

At the conclusion of the state's case, the defense rested without calling witnesses or offering other evidence. The jury returned a verdict finding both defendants guilty and thereafter the court sentenced each of the defendants to serve a term in the Utah State Prison.

It is the claim of the defendant Tippetts that he was denied the right to counsel at the trial in violation of Section 12, Article I, of the Utah Constitution and the Sixth Amendment to the United States Constitution. The defendant relies on *Glasser v. United States*[1] and other decisions of the U.S. Supreme Court.

We do not disagree with the rulings in those cases, but they have no application here. There is nothing in the record to indicate that the dual representation of Lopez and Tippetts during the preliminary hearing and at the trial in any way prejudiced the defense of the appellant. Tippetts did not object to Esplin undertaking to defend Lopez nor did Tippetts move for a new trial or to set aside the verdict.

The issue of whether Tippetts had been deprived of his right to effective counsel was first raised on appeal.

A careful examination of the entire record reveals that no conflict of interest existed between Tippetts and Lopez and it does not appear that Tippetts' representation was less effective than it would have been had Esplin represented Tippetts alone.

The verdict and sentence of the trial are affirmed.

WILKINS, Justice (dissenting):

I respectfully dissent.

In this case defendant's counsel was aware of the possibility of a conflict of interest and mentioned this matter to the District Judge. In chambers counsel stated (though there is not a complete record reported) that a conflict may exist because of the different way the defendant and co-defendant may testify. At this time the defendant was not present, though co-defendant and counsel were. Defendant was sitting in the courtroom. The Judge questioned the co-defendant about dual representation but not the defendant.

I believe that defendant is entitled now to an evidentiary hearing on the question of any possible prejudice resulting from this dual representation. At this hearing the State should have the burden of proving beyond a reasonable doubt that defendant was not prejudiced.[1]

---

1. 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

1. *State v. Scandrett*, 24 Utah 2d 202, 468 P.2d 639 (1970); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966).