STATE of Utah, Plaintiff and
Respondent,

v.

Bernard SANDOVAL, Defendant
and Appellant.

No. 15714.

Supreme Court of Utah.

Jan. 25, 1979.

Stephen R. McCaughey and Richard G. MacDougall, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., for plaintiff and respondent.

ELLETT, Chief Justice:

This is an appeal from a jury trial conviction of aggravated robbery in violation of Sec. 76–6–203, Utah Code Annotated 1953 as amended (Utah Criminal Code), where Sandoval, defendant, was tried jointly (Sec. 77–31–6) with two co-defendants, one of whom was Merishita.

No issue is urged on appeal as to insufficiency of the evidence. The principal contention being that because of the behavior of Merishita's counsel, Sandoval was denied his constitutional right to be tried by an impartial jury. His motions for severance, mistrial and for a new trial were denied.

The factual basis for his appeal was what he asserts to be prejudice occasioned when after the state had rested and Sandoval chose not to testify Merishita's counsel in an opening statement to the jury said he would call Sandoval as a witness. Sandoval objected; and the objection was sustained. The jury was admonished by the Court to disregard the statement and advised them that Sandoval need not respond to any effort by Merishita's counsel to call him as a witness. Counsel was warned of such conduct. Counsel for Sandoval concedes that at that juncture there would be no reversible error, but strongly urges that such incident, coupled with Merishita's counsel's thereafter calling Sandoval as a witness

contrary to the Court's warning, was prejudicial error.

■ It is to be noticed that in this case the prosecuting attorney had nothing to do with the situation created by one of three jointly charged defendants. Besides, there is no constitutional guaranty against being called as a witness. The prohibition is in being compelled to give testimony against oneself. In the present matter counsel for Mr. Merishita never told the jury what the testimony would be. It is not even claimed he would incriminate himself. Any defendant in a criminal case has a right to call any witness who can offer testimony in his favor. No witness has a right to withhold testimony unless the testimony would tend to incriminate himself. So far as the record in this case is concerned the only testimony sought from the appellant might have been as to the reputation of Mr. Merishita for honesty and peacefulness. It does not appear what the testimony would be because the appellant did not take the stand and therefore no questions were asked.

■ Counsel should have been disciplined for calling the witness after the Court told him he could not do so; but we are unable to see how any prejudice resulted from the matter. The Court told the jury to ignore it.

Counsel for Sandoval points out that under Sec. 77–44–5 of the Code a refusal by a defendant to be a witness "shall not in any manner prejudice him or be used against him on the trial." The trial court here promptly and in substance cautioned the jury as to such privilege. Defendant further confronts this Court with the case of *DeLuna v. U. S.*, 308 F.2d 140 (5th Cir. 1962), a case similar to the instant case to the degree that there were joint defendants having separate counsel, one of whom, in closing argument made it a point to comment on the other co-defendant's failure to testify, suggesting an implication of guilt not shared by his client. Sandoval's counsel cites *U. S. v. Echeles*, 352 F.2d 892 (7th Cir.

1965) in support of granting motions for separate trials.

The *DeLuna* case is distinguishable factually in the severity of impact that might turn a non-prejudicial error into one whose taint is so strong as to make it appear that a trial court unreasonably would deny relief when requested. In *DeLuna*, the co-defendant's attorney indulged in a number of comments disparaging *his* clients' willingness to talk with the other defendant's unwillingness to do so, which was aggravated by the trial court's admonishing the jury *not* to disregard the testimony of the one testifying which incriminated the other. Even so the *DeLuna* case has met with a series of direct or indirect disapprovals in *U. S. v. Alpern*, 564 F.2d 755 (7th Cir. 1977), *U. S. v. Hutul*, 416 F.2d 607 (7th Cir. 1969), *U. S. v. Hines*, 147 U.S.App.D.C. 249, 455 F.2d 1317 (1972), *U. S. v. Fields*, 572 F.2d 1390 (6th Cir. 1978).

Sec. 77–31–6, supra, having to do with joint trials, makes the determination of prejudice a matter of discretion with the trial court, and has been so construed in the following cases: *State v. Rivenburgh*, 11 Utah 2d 95, 355 P.2d 689 (1960), *State v. Lybert*, 30 Utah 2d 180, 515 P.2d 441 (1973) and in *State v. Gaxiola*, 550 P.2d 1298 (1976 Utah), which last case had the following to say regarding the matter.

> Since a demand for severance is not a matter of right, it must appear the trial court had before it the facts, which would indicate defendant would be unduly prejudiced before this court can hold there has been an abuse of discretion. The question of abuse of discretion arises, if at all, at the time of the ruling upon the motion for separate trials.

■ The same principle applies to the other two motions which were denied.[1] Under the facts of this case we re-affirm our language and consider dispositive the case of *State v. Hodges*, 30 Utah 2d 367, 517 P.2d 1322 (1974) wherein we said:

---

1. Sec. 77–42–1, Utah Code Annotated 1953 as amended; *State v. Scandrett*, 24 Utah 2d 202, 468 P.2d 639 (1970).

. . . there should be no reversal of a conviction merely because of error or irregularity, but only if it is substantial and prejudicial *in the sense that in its absence there is a reasonable likelihood that there would have been a different result.* [Emphasis added.] *Id.* 517 P.2d at 1325.

The judgment of the trial court is affirmed.

CROCKETT and HALL, JJ., concur.

WILKINS, Justice (dissenting):

I respectfully dissent.

There is I believe an infringement on the constitutional rights [1] of the defendant, where as here, he was subjected as described in the majority opinion to comments and efforts by counsel for a co-defendant which were designed to vivify the defendant's not taking the stand and testifying, and thus suggesting the guilt of the defendant not shared by the co-defendant.

In this case I believe we must presume prejudice because the defendant's constitutional rights were violated and I am not convinced that that presumption was overcome beyond a reasonable doubt. [2]

MAUGHAN, J., concurs with the views expressed in the dissenting opinion of WILKINS, J.

1. Art. I, Sec. 7, Constitution of Utah, and Fifth Amendment, Constitution of the United States.

2. *State v. Tippetts,* Utah, 584 P.2d 892 (1978); *State v. Scandrett,* 24 Utah 2d 202, 468 P.2d 639 (1970); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966).