**STATE of Utah, Plaintiff and Respondent,**

v.

**Paul GARDUNIO, Defendant and Appellant.**

**No. 17484.**

Supreme Court of Utah.

Aug. 30, 1982.

---

PER CURIAM:

The defendant was convicted at a jury trial of robbery of a jewelry store at the point of a gun. The jeweler, a clerk and a salesman were tied up and left in a back room. Considerable valuable jewelry was taken including a money clip and watch from the person of the jeweler, and two rings, a watch and necklaces from the person of the female clerk.

Two men were seen leaving the store carrying a large tan sack. The witness saw them drive off in a silver-gray Camaro, and thereupon wrote down the license number of the vehicle and turned it over to the police. An investigation proved the owner of the car to be defendant Gardunio's sister, Alice Hinojosa.

Shortly after the crime had been committed, Gardunio went to his sister's home, told her the "heat was on," and advised her to leave in the car and drive it to a designated place off the freeway. He put a dark, broad-rimmed hat on her head, making the statement that "they wouldn't be looking for a woman and kid." She discovered a large bundle on the floor of the car, and when stopped by the police, it was discovered that the bag contained leatherette boxes of jewelry stolen from the store mentioned above.

Hinojosa testified at the trial that before the robbery, Gardunio and one Gurule came to her house and asked her to get a gun from a local pawnshop with a ticket endorsed by Gurule, which she did. The gun was later found in the Camaro.

On appeal, defendant urges two points: (1) the prosecutor's statement to the jury that he believed the defendant was guilty was prejudicial error, and (2) hearsay evidence admitted over objection also constituted prejudicial error.

Defendant's first point is an *ipse dixit* that stemmed from his recollection of what the prosecutor said. The argument was not transcribed because the defendant did not ask for such transcription, which easily he could have done. Defendant cannot now rely on his own memory as a substitute for part of the record. It is axiomatic that this Court will not canvass that which has not been given to it as required under the rules. The danger of permitting such practice is reflected in this very case where, after the jury had gone to deliberate, counsel, in a belated motion for a mistrial, told the trial court: "I can't quote it, but it goes to the effect that I know the defendant is guilty of this offense, and because I know that, you ought to keep him off the street." The above quote, which is in the record (albeit too late because the jury was out), nonetheless was paraphrased in defendant's brief to the effect that the prosecutor *precisely* said, "I know just as well as I'm standing here that Paul Gardunio is guilty." The danger of substituting a fickle memory for the recorded fact, which easily could be reproduced, is a monument to the rules governing accuracy and perpetuation of the record in an orderly judicial review.

██ Irrespective of the fact this Court cannot entertain the issue on appeal based on the above circumstances, there was no reversible error committed, even assuming the prosecutor said something similar to that alleged. *State v. Valdez*[1] is dispositive. That case also dealt with the latitude and propriety of a prosecutor's comment while addressing the jury. The court held the instructions given to the jury are important in guarding against an over zealous argument and approved the following instruction:

> [N]either consider nor be influenced by any statements of counsel as to what the evidence is unless it is stated correctly, nor by any statement of counsel of facts not shown in evidence, if any such has been made.

In the instant case, the trial court cautioned the jury substantially in the same vein:

> In making your determinations of fact, you may not consider the statements of the attorneys except if the statements are admissions of facts or agreements made with each other. Agreements regarding the trial are sometimes called stipulations.

In *Valdez,* the Court held as follows:

> Counsel for both sides have considerable latitude in their arguments to the jury; they have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom. The test of whether the remarks made by counsel are so objectionable as to merit a reversal in a criminal case is, did the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by those remarks.

We also gave credit to the intelligence of the jury when we said in *State v. Hodges,* 30 Utah 2d 367, 517 P.2d 1322 (1974):

> In the absence of the appearance of something persuasive to the contrary, we assume that the jurors were conscientious in performing their duty, and that they followed the instructions of the court.

Comment by the prosecutor in the instant case did not constitute prejudicial error.

As to defendant's contention that the admission of certain hearsay was error, the claimed objectionable testimony had to do with the testimony of one of the officers as to what an absent witness said in response to a line-up, where the witness identified Gurule, not Gardunio. The defendant says the hearsay answer associated the two and suggested Gardunio's guilt, apparently because it was Gurule's gun that was recovered from the pawnshop and later found in the getaway car.

██ Pursuant to Rule 4, Utah Rules of Evidence, a verdict will be reversed by reason of an erroneous admission of evidence only where such evidence "probably had a substantial influence in bringing about the verdict." Defendant contends that the only testimony that connected him with the crime was inadmissible hearsay testimony. This is simply not true. As set forth *supra,* Alice Hinojosa's testimony clearly tied defendant to the crime. Since her testimony was adduced before that of the officer, the admission of his hearsay testimony was not prejudicial.

The judgment and verdict are affirmed.

STEWART, J., concurs in the result.

DURHAM, J., does not participate herein.

**1.** 30 Utah 2d 54, 513 P.2d 422 (1973).