STATE of Utah, Plaintiff and
Respondent,

v.

Thomas M. SPEER, Defendant
and Appellant.

No. 860112.

Supreme Court of Utah.

Jan. 26, 1988.

Jerome H. Mooney, Salt Lake City, for appellant.

David L. Wilkinson, Kimberly S. Hornak, Salt Lake City, for respondent.

HOWE, Justice:

Defendant Thomas M. Speer was tried by a jury and convicted of aggravated burglary and aggravated assault. He appeals, raising several points of error. The facts leading to his arrest and conviction are as follows.

Defendant and his wife were legally separated and living apart. On the morning of February 13, 1985, he entered his wife's home while she was in the bathtub. Upon hearing noises, she put on a robe to go downstairs and investigate. As she stepped out of the bathroom, she was confronted by defendant. He was carrying a loaded shotgun, a bottle of vodka, and a roll of duct tape. He shoved her to the

floor and stated, "This is going to be our last day together." The phone rang, and Mrs. Speer answered it. On hearing the voice of a family friend, she handed the phone to defendant. He threw down the phone and knocked her against a dresser. Hearing the struggle, the caller contacted the police.

Defendant started to tape Mrs. Speer's wrists together, but succumbed to her pleading to stop. Carrying the shotgun, he forced her downstairs to lock up the house. She opened the side door and tried to run free, but defendant grabbed her by the hair and dragged her back into the house. Once inside, he threw her against a washing machine. She fell to the floor, where he grabbed her by the throat and choked her. When the police arrived, defendant was taken into custody without incident. Mrs. Speer was taken to the hospital, where she was treated and released.

At trial, defendant testified that his wife had turned his stepsons against him. On cross-examination, he was asked if he had turned the boys against himself by his own conduct. He denied that he had threatened or physically abused them. He testified that he had disciplined the boys out of concern for their welfare. On rebuttal, the State called defendant's stepsons, who testified, over defendant's objection, of specific instances where defendant had threatened or hurt them, such as whipping them with a belt for getting bad grades.

The jury was instructed on charges of aggravated assault, aggravated burglary, aggravated kidnapping, and kidnapping. No instructions were requested or given on simple burglary or assault. Instructions on aggravated assault listed the following elements: "(2) that the defendant then and there used a deadly weapon or such means or force likely to produce death or serious bodily injury, (3) that the defendant did so intentionally or knowingly or recklessly."

The jury returned a verdict acquitting defendant of the kidnapping charge and convicting him of aggravated burglary and aggravated assault. In sentencing defendant, the judge applied Utah Code Ann. § 76–3–203(1) (1978), which adds an additional year for the use of a firearm in the commission or furtherance of a felony.

## I.

■ Defendant's first contention is that the trial court did not follow proper procedures in reassigning the case. Judge Hansen heard and ruled on pretrial motions; however, Judge Frederick presided at the trial. The Rules of Practice in the District Courts provide in rule 3.4(b):

Criminal cases that have been set for trial or hearing shall not be continued or reassigned except upon order of the court.

Although no order reassigning the case appears on the record, there was no objection by defendant to the change or any evidence that the change in any way prejudiced him. Since a review of the proceedings does not indicate that reassigning the case without a written order of the court affected defendant's rights, the irregularity falls within the ambit of rule 30 of the Utah Rules of Criminal Procedure, which states:

(a) Any error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded.

Although it was improper for the trial court to transfer the case without entering an order, absent any prejudicial effect, we will not upset the jury verdict on this ground. (See *State v. Knight*, 734 P.2d 913, 919 (Utah 1987), for a review of cases applying rule 30.)

## II.

■ Defendant next contends that calling his stepsons to testify in rebuttal was improper impeachment by the prosecution and that the prejudicial impact of their testimony requires reversal. Rule 608(b) of the Utah Rules of Evidence states:

(b) Specific instances of conduct. *Specific instances of the conduct of a witness, for the purpose of attacking* or supporting *his credibility*, other than conviction of crime as provided in Rule 609, *may not be proved by extrinsic evidence.* They may, however, in the

discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

(Emphasis added.)

The rebuttal testimony offered in this case was in the form of specific instances of conduct, supposedly offered to attack the credibility of defendant. This is in direct contravention of the plain language of rule 608.[1] In his direct testimony defendant, in the context of describing how he had reacted to the breakup of his marriage, made the statement that his wife had "turned the two boys against [him]." This statement, if relevant at all to the charges before the court, may have been probative of defendant's motive. Instead of using the testimony to support its case in that manner, the prosecution attempted to use this statement as a vehicle to bring in evidence that defendant abused his stepsons. Such use of this evidence violates rule 404(b) of the Utah Rules of Evidence, which states:

(b) Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent....

While the statement made on direct examination may have been probative of motive, the evidence offered by the State in an attempt to show that defendant had turned the boys against himself by his own conduct was not relevant to show motive, op-

portunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Nor was the evidence necessary to prove an essential element of a charge, claim, or defense so as to allow proof of specific instances of conduct under Utah Rule of Evidence 405(b). Having found no legitimate ground for the admission of the rebuttal testimony, we conclude that the trial court erred in admitting it.

Rule 103(a) of the Utah Rules of Evidence states:

(a) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected....

In determining whether a "substantial right of the party is affected," we look at the evidence as a whole in the context of the trial to determine if, absent the error, there is a reasonable likelihood that a different result would have been reached. *State v. Rammel*, 721 P.2d 498, 500 (Utah 1986); *In re Estate of Hock*, 655 P.2d 1111, 1117 (Utah 1982); *Stagmeyer v. Leatham Bros.*, 20 Utah 2d 421, 426, 439 P.2d 279, 282 (1968).

The rebuttal testimony did not bear directly on whether defendant did or did not do any of the acts with which he was charged. He contends that the testimony that he physically abused his stepchildren was so inflammatory that it prejudiced the jury. While we agree that such testimony carries the potential to improperly influence the jury, there is no indication that it did so in this case. Defendant admitted that he entered the victim's home with a loaded shotgun and that he physically assaulted her. The evidence was not contradictory. The factual events as related by the victim were not disputed by defendant. Therefore, the jury's determination of the facts, which may be subject to influence by the admission of improper evidence, was not crucial in this case. Also, the fact that the jury acquitted defendant of two of the four charges indicates that the verdict was a result of a reasoned application of the

---

1. In cases prior to the adoption of the Rules of Evidence, this would be deemed improper im-

peachment on a collateral matter.

law, rather than prejudice engendered by the improper evidence. We find therefore no prejudicial error in the admission of improper impeachment evidence.

## III.

Defendant next contends that the verdict should be reversed and a new trial granted on the basis of prosecutorial misconduct. In reviewing a claim of prosecutorial misconduct, we must determine if the prosecutor's remarks calls to the attention of the jurors matters they would not be justified in considering in reaching the verdict and, if so, whether there is a reasonable likelihood that the misconduct so prejudiced the jury that there would have been a more favorable result absent the misconduct. *State v. Tillman,* —— P.2d ——, 72 Utah Adv.Rep. 6 (Dec. 22, 1987); *State v. Fisher,* 680 P.2d 35, 36 (Utah 1984). In determining whether a remark or question by the prosecution had such an effect, the alleged misconduct must be viewed in light of the totality of the trial. No one is in a more advantageous position to view the incident in the context of the trial than the trial judge; therefore, his rulings on whether the conduct of the prosecution warranted a mistrial will not be overturned absent an abuse of discretion. *State v. Hodges,* 30 Utah 2d 367, 370, 517 P.2d 1322, 1324 (1974).

Of the five instances defendant cites as misconduct, two were not objected to at trial,[2] one is conceded by defendant in his reply brief not to have been error,[3] and one was the improper rebuttal we have previously addressed. The remaining incident was the introduction of evidence that defendant had entered Mrs. Speer's home on a prior occasion and destroyed numerous items of her clothing. Defendant claims this was improper since it was the subject of a separate criminal charge. However, this evidence was not offered to defame defendant, but was relevant to prove an essential element of the crime of burglary. At trial, defendant contended that he was welcome in his wife's house and therefore he entered lawfully. The prosecution did not overstep its bounds by putting on evidence to the contrary in order to establish the unlawful entry element of the charge of burglary. Therefore, under the test described above, we find no prosecutorial misconduct.

## IV.

Defendant further contends that the trial court erred in failing to instruct the jury on lesser included offenses of simple assault and simple burglary. Rule 19(c) of the Utah Rules of Criminal Procedure states in part:

> (c) No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury is instructed, stating distinctly the matter to which he objects and the ground of his objection.

Defendant concedes that no objection was made to the instruction; he relies on the last sentence of rule 19, which states: "Notwithstanding any party's failure to object, error may be assigned to instructions in order to avoid a manifest injustice." Failing to instruct the jury on the lesser crimes did not work a manifest injustice since under our statutory requirements defendant would not have been entitled to instructions on the lesser offenses even if he had requested them. Utah Code Ann. § 76-1-402(4) (1978) sets forth the requirements on lesser included offense instructions. It provides:

> (4) The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

Defendant claims that he put at issue his intent in using the weapon by testifying that he brought the shotgun to take his own life. This argument is unpersuasive.

---

**2.** Absent manifest error, defendant is barred from raising as error points not objected to at trial. Utah R.Evid. 103(a)(1); *State v. McCardell,* 652 P.2d 942 (Utah 1982).

**3.** In his reply brief, page 22, defendant concedes that the prosecution correctly stated the law regarding the elements of aggravated burglary and aggravated assault. *See* point V, *infra.*

Utah Code Ann. § 76–6–203 (1978), *Aggravated Burglary*, requires only that the accused be "armed with a deadly weapon," which fact defendant did not deny or dispute.

[11] As for aggravated assault, defendant admitted choking Mrs. Speer about the throat until, by her testimony, she almost passed out. Thus, uncontroverted testimony establishes that he used "force likely to cause death or serious bodily injury," [4] thereby satisfying the requirements of Utah Code Ann. § 76–5–103(1)(b) (1978). Therefore, even if the jury were to accept defendant's arguments that he did not intend to use the gun on his wife and did not have it in his "possession" while he assaulted her, there is still no theory of the evidence that would have supported a verdict acquitting him of aggravated burglary or aggravated assault and convicting him of the lesser offenses. *See State v. Pitts*, 728 P.2d 113, 116 (Utah 1986); *State v. Baker*, 671 P.2d 152 (Utah 1983).

## V.

■ Defendant next contends that the court erred in instructing the jury that aggravated assault could be committed by reckless conduct. We have held that when charged under subsection (1)(b) of section 76–5–103, aggravated assault can be committed by reckless conduct. *State ex rel. McElhaney*, 579 P.2d 328 (Utah 1978). The instruction complained of was couched in terms of subsection (b). It stated:

2. That defendant then and there used a deadly weapon or such means or force likely to produce death or serious bodily injury.

3. That defendant did so intentionally or knowingly or recklessly.

Given the facts of the case and the way the crime was charged, the jury instruction correctly stated the law.

## VI.

■ Defendant also contends that he was denied effective assistance of counsel.

He cites three specific instances where his counsel's conduct was assertedly prejudicial: (1) failure to request lesser included offense instructions, (2) failure to call witnesses on a collateral matter, and (3) stipulating to continue a minor criminal charge until after the felony hearing.

In order for this Court to reverse a conviction on the basis of ineffective assistance of counsel, a defendant must show that the specified acts or omissions complained of fall outside the wide range of professionally competent assistance and that a reasonable probability exists that absent counsel's error, the result would have been different. *State v. Frame*, 723 P.2d 401 (Utah 1986).

■ We have previously determined that defendant was not entitled to instructions on the lesser included offenses; therefore, there can be no error in counsel's failure to request them. Whether or not to pursue a certain line of questioning or call a certain witness at trial is the type of decision that is ordinarily entrusted to the judgment of the attorney. The witnesses that defendant claims should have been called could only have testified as to a collateral matter whose relevance to the issue at trial was at best tangential. The decision not to pursue that particular line of questioning was well within the broad discretion allowed the attorney in conducting a jury trial and does not fall "outside the wide range of professionally competent assistance." *Frame*, 723 P.2d at 405.

■ As to defendant's third claim, that counsel entered into an unauthorized stipulation to postpone a minor criminal charge, we follow the course advised by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). There the court stated:

[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by

---

4. See *State v. Fisher*, 680 P.2d 35, 37 (Utah 1984), where we held that strangulation constitutes "serious bodily injury."

defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

466 U.S. at 697, 104 S.Ct. at 2069–70, 80 L.Ed.2d at 699. *See also State v. Frame,* 723 P.2d at 405. Whether the prior charge had been tried or was pending would not have affected the State's ability to refer to the incident in order to prove an essential element of one of the felonies charged. The prior stipulation had no effect on the judge's overruling of defense counsel's strenuous objection to the admission of evidence concerning the earlier incident. Therefore, defendant was not prejudiced by the stipulation. Having examined the record and transcript of the proceedings, we are convinced that defense counsel more than adequately represented defendant's interests.

## VII.

 Finally, defendant contends that he was denied due process by the failure to notify him of the potential application of Utah Code Ann. § 76–3–203 (1978), which provides for enhancement of sentences for use of a firearm. We examined this contention in *State v. Angus,* 581 P.2d 992, 995 (Utah 1978), where we stated that the enhancement statute is merely part of the penalty and that adequate notice is given if the information alleges either that the enhancement statute may apply *or* that a firearm was used in the commission of the offense.

In the instant case, both the original and the amended information gave defendant notice that he was being accused of the use of a firearm in the commission of the crimes. Since the use of a firearm also constituted an aggravated circumstance, defendant had not only notice, but also motive and opportunity to defend at trial. We find no violation of due process in the application of section 76–3–203 in sentencing defendant.

Having reviewed all of defendant's claims, we conclude that his convictions should be affirmed.

HALL, C.J., STEWART, Associate C.J., and ZIMMERMAN, J., concur.

DURHAM, Justice: (concurring in the result).

While I agree that defendant's conviction should be affirmed, I disagree with the analysis used by the majority in deciding the evidentiary issue presented by this case. I believe the majority has erred by ignoring the "open door" doctrine and by applying Utah Rule of Evidence 608 in an inappropriate context.

Defendant, while testifying under oath, painted a picture of himself as a good father who had adopted his wife's children by a previous marriage and had supported them with money and gifts, even while his wife was seeking a divorce, but whose wife had "turned the two boys against [him]," causing him so much anguish and grief that he wanted only to commit suicide when he went to his wife's home with a shotgun on February 13. Defendant denied knowledge of a protective order that prevented him from going near his wife and testified that he thought he was welcome in the family home and was concerned about the children's welfare because his wife stayed out late, did not care well for the children, and had allowed his fifteen-year-old son to become involved with an older woman. The majority assumes that the prosecution seized upon a casual remark by defendant (his assertion that his wife had turned the children against him) and used it as an excuse for attacking his credibility with specific instances of misconduct. I think defendant's testimony was of much greater significance. Defendant presented testimony concerning his wife's alleged interference in his relationship with his sons and his general treatment of the children with two purposes: he intended to present his wife as a bad mother who was alienating his sons and/or he attempted to raise a good character defense, centering around an assertion that he was a kind, loving father

who intended to kill himself because his relationship with his children had become intolerable.

Assuming that defendant made the statements simply in order to interject an irrelevant attack on his wife's character in an attempt to prejudice her in the eyes of the jury, the trial judge was well within his discretion in allowing otherwise inadmissible evidence to blunt the effect of the irrelevant but prejudicial evidence. A framework for determining when further irrelevant evidence should be admitted is set forth in *McCormick on Evidence:*

(1) If the incompetent evidence sought to be answered is immaterial and not prejudice-arousing, the judge, to save time and to avoid distraction of attention from the issues, should refuse to hear answering evidence; but if he does hear it, under the prevailing view, the party opening the door has no standing to complain.

(2) If the evidence, though inadmissible, is relevant to the issues and hence probably damaging to the adversary's case, or though irrelevant is prejudice-arousing to a material degree, and if the adversary has seasonably objected or moved to strike, then the adversary should be entitled to give answering evidence as of right. By objecting he has done his best to save the court from mistake, but his remedy by assigning error to the ruling is not an adequate one. He needs a fair opportunity to win his case at the trial by refuting the damaging evidence....

(3) If again the first incompetent evidence is relevant, or though irrelevant is prejudice-arousing, but the adversary has failed to object or to move to strike out, where such an objection might apparently have avoided the harm, then the allowance of answering evidence should rest in the judge's discretion. He should weigh the probable influence of the first evidence, the time and distraction incident to answering it, and the possibility and effectiveness of an instruction to the jury to disregard it. However, here various courts have indicated that introduction of the answering evidence is a matter of right.

(4) In any event, if the incompetent evidence, or even the inquiry eliciting it, is so prejudice-arousing that an objection or motion to strike cannot have erased the harm, then it seems that the adversary should be entitled to answer it as of right.

C. McCormick, *McCormick on Evidence* § 57, at 147–48 (E. Cleary 3d ed. 1984) (footnotes omitted).

I think that this case falls under the third category (irrelevance and prejudice-arousing) and that the trial judge was well within his discretion in allowing the children to testify.[1]

Further, assuming that defendant entered the evidence in an attempt to prove that he has a generally good character, but was so depressed by his wife's turning the children against him that he was motivated by a desire to commit suicide when he entered his wife's home, the admissibility of the rebuttal testimony should be analyzed not under Utah Rule of Evidence 608(b), which deals with using specific instances of conduct to rebut or support credibility, but under Utah Rules of Evidence 404 and 405.

Rule 404 provides:

(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

....

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted

---

**1.** Defendant's counsel, in closing argument, adopted the view that defendant himself had opened the door. Defendant's counsel stated: "He started it. He denied that he was cruel to the children, and so then this opens the door for an opportunity to rebut that...."

in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive....

Use may be made of specific acts of conduct when "a trait of character of a person is an essential element of a ... defense." Utah R.Evid. 405(b). I think defendant made his character an essential element of his defense when he argued his motive in going to his wife's home on the fateful day; in doing so, he allowed the prosecution to use specific acts to demonstrate that defendant was a vicious bully who had alienated his children, rather than a loving father distraught over the disintegration of his family. I find no error in the admission of the children's testimony.