419 P.2d 769

David L. VRIEZE, Plaintiff and Appellant,

v.

John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.

No. 10494.

Supreme Court of Utah.

Nov. 9, 1966.

Robert L. Lord, Salt Lake City, for appellant.

**234**

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice:

Petitioner, Vrieze, was convicted of a felony and committed to the state prison. After he had served a portion of his sentence, the Board of Pardons conditionally terminated it. One of the conditions imposed was that he leave the state and not return. Vrieze violated this condition, was arrested and returned to the prison.

Vrieze filed a petition for writ of habeas corpus in which he assailed the conditional termination as amounting to a "banishment" and unconstitutional. The petition was referred to the Fourth Judicial District Court which, after a hearing, denied the same.

The lower court based its ruling upon our decision in Mansell v. Turner.[1] In that case we upheld the prerogative of the Board of Pardons to attach conditions to paroles and termination of sentences including the condition, under proper circumstances, that the recipient of the parole or termination leave the State of Utah. We also upheld the right of the authorities to arrest and reimprison a person for violating such a condition. There is nothing in the present case which persuades us to over-rule or deviate from the position adopted in Mansell v. Turner.

Furthermore, the issues raised upon this appeal are apparently moot. At the time of oral argument, this court was advised that Vrieze had been granted a parole and released from prison.[2]

Affirmed.

HENRIOD, C. J., McDONOUGH and CROCKETT, JJ., and STEWART M. HANSON, District Judge, concur.

---

1. 14 Utah 2d 352, 384 P.2d 394 (1963).

2. Ironically, the court was advised that one of the conditions attached to the parole was that Vrieze not leave the state.