STATE of Utah, Plaintiff and Respondent,

v.

Robert T. HASTON, Defendant and Petitioner.

No. 910266.

Supreme Court of Utah.

Jan. 15, 1993.

R. Paul Van Dam, David B. Thompson, Salt Lake City, for plaintiff and respondent.

Lisa J. Remal, Ronald S. Fujino, Salt Lake City, for defendant and petitioner.

**PER CURIAM:**

Defendant was convicted, by a jury, of attempted second degree murder.[1] He appealed, and we poured the case over to the Utah Court of Appeals, which affirmed the conviction. *See State v. Haston*, 811 P.2d 929 (Utah Ct.App.1991).

This court granted certiorari to consider a single issue that the court of appeals did not address, namely, whether defendant could be prosecuted for *attempted* second degree murder under the "depraved indifference" language of Utah Code Ann. § 76–5–203(1)(c).

Recently, in *State v. Vigil*, 842 P.2d 843 (Utah 1992), this court held that Utah does not recognize the crime of attempted depraved indifference homicide. That case is controlling here. Since the jury was allowed to consider the depraved indifference alternative, as well as those states of mind described in subsections (a) and (b) of section 76–5–203(1), defendant is entitled to a new trial.

The State argues in its brief that defendant cannot raise the issue of the logical impossibility of this crime for the first time before this court on certiorari. The State contends that defendant did not raise the issue before the trial court nor sufficiently identify the issue before the court of appeals and neither the trial court nor the court of appeals has had a chance to rule on the issue. However, other considerations lead us to conclude that failing to consider defendant's issue would constitute manifest injustice, and therefore, we granted certiorari.

First, defendant did raise the issue in a footnote in his main brief before the court of appeals, and he there challenged the jury instruction given on depraved indifference. In addition, subsequent to the filing of his main brief, defendant requested that the court of appeals consider whether a crime described as "attempted depraved indifference homicide" is recognized in Utah. His motions were denied, as was his petition for rehearing, which squarely raised the issue.

Second, defendant may presently be incarcerated for a crime which is not recognized in Utah. Under such circumstances, failure to consider defendant's assigned error merely because he was tardy or inartful in raising the issue previously strikes us as manifestly unjust. We believe that at the very least, such action would deny defendant due process, as guaranteed under our federal and state constitutions.

Reversed and remanded for a new trial.

HOWE, A.C.J., concurs in the result.

---

1. Defendant shot the victim, Tate, in the chest at close range during a drunken quarrel. The shot did not kill Tate, though it caused considerable damage to his right lung, his spleen, and his diaphragm, and Tate was in surgery for six hours. Defendant was charged with attempted second degree murder in violation of Utah Code Ann. § 76–5–203(1)(a), (b), or (c), as affected by our attempt statutes, §§ 76–4–101 and –102(2). At the time of defendant's conviction, the pertinent provisions of section 76–5–203 provided:

    (1) Criminal homicide constitutes murder in the second degree if the actor:

    (a) intentionally or knowingly causes the death of another;

    (b) intending to cause serious bodily injury to another commits an act clearly dangerous to human life that causes the death of another;

    (c) acting under circumstances evidencing a depraved indifference to human life engages in conduct which creates a grave risk of death to another and thereby causes the death of another.