Steven M. STILLING, Appellee,

v.

UTAH BOARD OF PARDONS AND PA-
ROLE; O. Lane McCotter, Executive
Director, Utah Department of Correc-
tions; and State of Utah, Appellants.

No. 950818–CA.

Court of Appeals of Utah.

Jan. 24, 1997.

Jan Graham and Norman E. Plate, Salt Lake City, for Appellants.

M. David Eckersley, Salt Lake City, for Appellee.

Before DAVIS, BILLINGS and GREENWOOD, JJ.

GREENWOOD, Judge:

Appellants challenge the trial court's summary judgment in favor of appellee, Steven M. Stilling. The trial court ruled that the Utah Board of Pardons and Parole (the Board) acted beyond its statutory and constitutional authority by imposing restitution as a condition of Stilling's parole, when the original sentencing court had not ordered restitution.

■ Subsequent to oral argument in this case, the Utah Supreme Court issued its opinion in *Monson v. Carver,* 928 P.2d 1017 (Utah 1996) (plurality opinion). That opinion requires reversal in this case, as the supreme court held that the Board has the constitutional authority to order restitution as a condition of parole even if the sentencing court

did not order restitution as part of the underlying sentence. *Id.* at 1023–26. The supreme court also rejected petitioner's argument that the restitution order violated ex post facto laws and the prohibition against double jeopardy. *Id.* at 1025–28.

In addition, although the parties in this case argue about the scope of the Board's power, conferred in Utah Code Ann. §§ 77–27–5 and –6 (Supp.1995), the supreme court in *Monson* stated that the Utah Constitution "confers plenary authority on the Board to impose conditions of parole, even absent legislation specifying particular conditions," *id.* at 1025, and that restitution is not, itself, punishment, *id.* at 1026–28. The court also stated, referring to the same statutes at issue here, that "the Board had express statutory authority at [Monson's] parole rehearing to order restitution as a condition of his parole." *Id.* at 1025.[1]

We are compelled, therefore, to reverse the trial court's ruling that the Board lacked the authority to order Stilling to pay restitution as a condition of parole.

Additionally, we respond to portions of our colleague, Judge Davis's, concurring opinion. Judge Davis concludes that the sentencing trial court failed to consider ordering restitution at all and thus, the Board could do so as a condition of granting parole. We disagree.

On February 13, 1985, following his conviction on three counts of robbery, the original trial court sentenced Stilling to three concurrent indeterminate terms of one-to-fifteen years at the Utah State Prison. The trial court did not order restitution, but entered five dashes, "-----," on a form entitled "Judgment, Sentence, and Commitment to Utah State Prison," in the space designated for a restitution award.

In August 1993, the Board granted Stilling a May 1994 parole date conditioned upon his payment of restitution. Subsequently, at an April 28, 1994, restitution hearing, the Board

---

1. In *Monson,* the supreme court declined to consider Monson's argument that separation of powers principles were violated because of lack of full appellate review under Rule 65B of the Utah Rules of Civil Procedure. Stilling makes a somewhat different separation of powers argument, citing *Salt Lake City v. Ohms,* 881 P.2d 844, 852–

53 (Utah 1994). However, given the supreme court's opinion that the Board has constitutional authority to impose restitution, sua sponte, and that restitution is a civil rather than a criminal penalty, it is unlikely this argument would prevail, and we do not address it further.

set Stilling's restitution for the three robbery offenses at $17,305.00.[2]

We believe the "Judgment, Sentence, and Commitment to Utah State Prison" form reflects that the sentencing court considered the issue of restitution by its insertion of "-----" in the blank designated for restitution. If the sentencing court had intended to order restitution, it would have inserted a numerical amount in the restitution blank, rather than five dashes.

Further, even if the sentencing trial court had failed to place anything in the restitution space and simply left it blank, it would be inappropriate to conclude that the trial court overlooked its statutory duty of considering and ordering restitution unless it found restitution to be inappropriate. *See* Utah Code Ann. § 76–3–201(3)(a) (Supp. 1983). Concededly, the sentencing court may have neglected to make the required findings regarding the inappropriateness of restitution, but that does not vitiate its order regarding restitution, it merely opens the door for a remand on appeal for the required findings, had Stilling filed a timely notice of appeal. *See State v. Haston*, 811 P.2d 929, 936–37 (Utah App.1991)(remanding for supplementary findings regarding restitution order), *rev'd on other grounds*, 846 P.2d 1276 (Utah 1993). The original trial court's sentence, however, is not before us in this case, and we lack a record of either the sentencing filings or the hearing, having only the record following Stilling's Petition for Extraordinary Relief. Therefore, we must assume the trial court considered restitution in this case and determined it was inappropriate. *See State v. Wetzel*, 868 P.2d 64, 67 (Utah 1993); *State v. Blubaugh*, 904 P.2d 688, 699 (Utah App. 1995) (stating appellate courts assume regularity of court proceedings when lack adequate record on appeal), *cert. denied*, 913 P.2d 749 (Utah 1996). Accordingly, we cannot agree with Judge Davis that the Board had the authority to sua sponte impose restitution as a condition of parole because the sentencing trial court failed to fulfill its statutory duty to do so. Furthermore, the su-

preme court's opinion in *Monson* does not so limit the Board's authority.

We reverse and remand for proceedings consistent with this opinion.

BILLINGS, J., concurs.

DAVIS, Presiding Judge (concurring):

I concur with the result in the majority opinion and write separately to express my view that, under the facts of this case, the Board had authority to require restitution notwithstanding *Monson v. Carver*, 928 P.2d 1017 (Utah 1996), and to briefly address matters not fully addressed in *Monson*.

### A. Statutory Authority of the Board

The Board's statutory authority to grant parole and make orders of restitution is codified at Utah Code Ann. §§ 77–27–5, –6 (Supp.1996). Section 77–27–5(1)(a) requires the Board to "determine ... when and under what conditions, subject to this chapter and other laws of the state, persons ... may be released upon parole, ... [or] restitution ordered." This section does not limit the Board's authority to order restitution where the criminal trial court was indeterminate on the issue.

Also, in section 77–27–5(1)(e), the language "if determined by the court" limits the amount of restitution the Board can impose only when the criminal trial court has previously made a determination on the issue pursuant to section 76–3–201. This limitation avoids separation of powers issues where the judicial branch, through the criminal trial court, has made a specific restitution determination. However, as in this case, where the criminal trial court did not make a section 76–3–201 determination, section 77–27–5(1)(e) imposes no specific limitation on the Board's authority to set an amount of restitution as a condition of parole.

Similarly, the disjunctive "or" in section 77–27–6(1), which differentiates between an inmate upon whom a criminal trial judge has imposed an order of restitution and an in-

---

2. The Board's order also imposed additional restitution payments for a separate aggravated robbery conviction and extradition charges associat-

ed with an escape from custody. Stilling does not challenge the imposition of these restitution conditions.

mate upon whom the Board has ordered restitution, is compelling as to the Board's authority to act independently of the criminal trial judge in ordering restitution. Lastly, section 77–27–6(1) clarifies that subsections (2) and (3) of section 77–27–6 are not limitations on the Board's authority to order restitution.[1]

## B. Ex Post Facto Challenge

The Utah Constitution provides: "No . . . ex post facto law . . . shall be passed." Utah Const. art. I, § 18. Furthermore, Utah Code Ann. § 68–3–3 (1996) states: "No part of these revised statutes is retroactive, unless expressly so declared." In criminal cases, this ex post facto limitation applies only to substantive, and not strictly procedural, matters. *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977). A law is procedural if "it does not 'enlarge, eliminate, or destroy *vested* or contractual rights.' " *State v. Norton*, 675 P.2d 577, 585 (Utah 1983) (emphasis added) (citation omitted).

Neither section 77–27–5 nor section 77–27–6 is substantive because neither of the statutes "enlarge, eliminate, or destroy" a vested right. In *State v. Kent*, 665 P.2d 1317 (Utah 1983), the Utah Supreme Court specifically stated:

> "Parole is a conditional release, the condition being that the prisoner make good or be returned to serve his unexpired time. *It is a privilege, an act of grace, as distinguished from a right.* Parole is not absolute liberty as all law-abiding citizens enjoy, but only conditional liberty dependent upon compliance with parole restrictions. The parolee remains in legal custody until such time as his sentence is terminated."

*Id.* at 1319 (emphasis added) (citation omitted); *see also Foote v. Utah Bd. of Pardons*, 808 P.2d 734, 734 (Utah 1991); *Homer v. Morris*, 684 P.2d 64, 66 (Utah 1984).

Because a parole hearing is civil in nature, and because the relevant statutes do not increase Stilling's initial sentence nor deprive him of a vested or contractual right, the Board's imposition of restitution as a condition of parole in no way altered his criminal trial court sentence, and does not violate Utah's constitutional ex post facto prohibition.

## C. Constitutional Authority of the Board

"[T]he power of the Board of Pardons to grant parole contained in article VII, section 12 of the Constitution of Utah is explicitly subject to conditions established by the legislature." *State v. Shickles*, 760 P.2d 291, 301 (Utah 1988). As part of its authority to grant parole, the Board has plenary power to impose conditions upon such grants. *See Vrieze v. Turner*, 18 Utah 2d 233, 234, 419 P.2d 769, 769 (1966) (holding Board's plenary authority includes ability to condition parole on prisoner leaving Utah); *Mansell v. Turner*, 14 Utah 2d 352, 353, 384 P.2d 394, 395 (1963) (upholding parole conditioned on prisoner leaving Utah). As such, the Board acted within its constitutional authority when it conditioned Stilling's parole on the payment of restitution, where the criminal trial court failed to include a restitution order at the time of sentencing.

## D. Stilling's Separation of Powers Challenge

Article V, section 1 of the Utah Constitution states:

> The powers of the government of the State of Utah shall be divided into three distinct departments, the Legislative, the Executive, and the Judicial; and *no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, except in the cases herein expressly directed or permitted.*

Utah Const. art V, § 1 (emphasis added). At the time of Stilling's 1985 sentencing hearing, Utah law required a sentencing court to "order that the defendant make restitution . . . . If the court determines that restitution is appropriate or inappropriate, the court shall make the reasons for the decision a part of its written order." Utah Code Ann. § 76–3–201(3)(a) (Supp.1983) (amended 1996). By its

---

1. It is not clear from *Monson v. Carver*, 928 P.2d 1017 (Utah 1996), what, if anything, the trial court in that case did with reference to restitution.

plain language, section 76–3–201 mandated that criminal trial judges consider the restitution issue *at the time of sentencing* if the defendant's criminal activity resulted in pecuniary damages. Indeed, in *State v. Snyder,* 747 P.2d 417 (Utah 1987), the Utah Supreme Court noted:

> It lies within the discretion of the trial court to impose sentence or a combination of sentences which may include the payment of a fine, restitution, probation, or imprisonment. However, upon conviction of a crime which has resulted in pecuniary damages, in addition to any other sentence imposed, *the trial court is statutorily mandated to order the payment of restitution unless the court finds that restitution is inappropriate.*
>
> . . . .
>
> Subsection 76–3–201(3)(a) was amended in 1983 to require that trial courts make the reasons for restitution orders part of their written orders. Thus, in this case, it was error for the trial court not to set forth in writing its reasons for ordering restitution. However, the record reflects that the error was not prejudicial.

*Id.* at 420–21 (footnotes omitted). The record presented on Stilling's appeal is entirely devoid of any evidence suggesting that the criminal trial court in fact considered the restitution issue.[2]

In *State v. Haston,* 811 P.2d 929 (Utah App.1991), *rev'd on other grounds,* 846 P.2d 1276 (Utah 1993), we considered a criminal trial court's failure to state its reasons for imposing restitution. We determined:

> While the court has the discretion to award or deny restitution . . . the judge *must* state the reasons for the decision in the trial record. . . . Although the statute does not impose the requirement of full formal findings, a requirement which would perhaps simplify and expedite appellate review, the court must declare reasons within

the statutory framework for awarding or denying restitution. A statement in the nature of findings which adequately apprises a reviewing court of the trial court's reasoning is minimally required. We are unable to determine from the record which, if any, of the factors enunciated in section 76–3–201(3)(b) were considered by the trial court.

> . . . .

> Because we have no record before us to demonstrate compliance with sections 76–3–201(3)(b) . . . we remand for supplementary findings on the question[ ] of restitution

> . . . .

*Id.* at 936–37. The rule extracted from *Haston* is that the remedy for a criminal trial court's failure to enter findings on the matter of restitution is to remand for additional findings. However, here there is not only a time gap exceeding eleven years since Stilling's criminal proceeding, but also it is not the criminal trial court case that is before us on appeal, but rather the decision of the district court sitting in review of the Board's action. Thus, we are not in a position to remand to the criminal trial court, but instead must address the Board's imposition of restitution.

The Board is authorized to utilize several quasi-judicial powers without violating the Utah Constitution's separation of powers provision. For example, in *Foote v. Utah Board of Pardons,* 808 P.2d 734 (Utah 1991), the Utah Supreme Court recognized that under Utah's indeterminate sentencing scheme the Board has unfettered discretion in "perform[ing] a function analogous to that of the trial judge in jurisdictions that have a determinate sentencing scheme." *Id.* at 735. The supreme court has also held that "our sentencing system vests almost complete discretion in the Board of Pardons to determine the period of time that will actually be served." *State v. Schreuder,* 712 P.2d 264, 277 (Utah 1985).

**2.** In each of the criminal trial court's three identical Judgment, Sentence, and Commitment to Utah State Prison orders, the presiding judge failed to either check the box or initial the line preceding the restitution line. Because these orders are critical to this analysis and to understand the indeterminate nature of the judge's order, one of the three identical orders is reproduced here:

Additionally, pursuant to article VII, section 12, the Utah Constitution expressly permits the Board to exercise certain legislatively approved functions. As previously illustrated, our legislature has specifically addressed the issue of the Board's authority to grant parole. Accordingly, where the criminal trial court has failed to meet its statutorily imposed judicial duty to address restitution at the time of sentencing, the Board does not violate the separation of powers provision of the Utah Constitution by imposing restitution as a condition of parole.

### E. Stilling's Double Jeopardy Challenge

Article I, section 12 of the Utah Constitution, which is substantially similar in relevant part to the Double Jeopardy Clause of the Federal Constitution, states: "[An] accused shall not ... be twice put in jeopardy for the same offense." Utah Const. art. I, § 12; *see also* U.S. Const. amend. V. This provision prohibits "multiple punishments imposed in separate proceedings for the same offense." *State v. Arbon,* 909 P.2d 1270, 1272 (Utah App.), *cert. denied,* 916 P.2d 909 (Utah 1996). Accordingly, two issues arise: (1) Was Stilling's parole proceeding separate from the criminal trial at which he was convicted; and, if so, (2) does the Board's imposition of restitution in this instance amount to a punishment for double jeopardy purposes?

The double jeopardy clauses of both the Utah and United States Constitutions prohibit "punishing a defendant more than once in separate proceedings." *State v. Davis,* 903 P.2d 940, 943 (Utah App.1995), *cert.* granted, 916 P.2d 909 (Utah 1996). When evaluating the separateness of two proceedings for double jeopardy purposes, " 'courts must look past the procedural requirements and examine the essence of the actions at hand by determining when, how, and why the civil and criminal actions were initiated.' " *Id.* at 944 (citations omitted). Here, the Board instituted parole proceedings in August of 1993 to address Stilling's parole eligibility under the indeterminate sentences imposed in 1985. Though this parole hearing and Stilling's criminal trial were held more than eight years apart, the answer to the query "why" a parole proceeding was held controls our double jeopardy analysis.

The Board exercises its discretionary plenary power in fashioning parole conditions to enable the prisoner, upon the final expiration of his prison sentence, to meld peacefully back into mainstream society. As such, parole proceedings cannot be deemed separate proceedings for double jeopardy purposes, but rather are a natural corollary and continuation of Utah's indeterminate sentencing scheme. Thus, Stilling's sentencing and the parole proceeding at issue are part of the same criminal proceeding. Because Stilling's August 1993 parole hearing, and the hearings that followed thereafter, cannot be deemed separate proceedings for double jeopardy purposes, his double jeopardy argument fails.

For the foregoing reasons, and for the reasons set forth in the majority opinion, the district court erred, as a matter of law, in holding that the Board's actions here violated both Utah statutory law and the Utah Constitution.

IN THE DISTRICT COURT OF _____WEBER_____ COUNTY, STATE OF UTAH